IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, <br><br> Defendant. | Case No. 19 Civ. 820 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Defendant United States Department of Transportation (DOT) is violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose records responsive to a request from Plaintiff Natural Resources Defense Council, Inc. (NRDC) regarding the environmental review, pursuant to the National Environmental Policy Act (NEPA), of an essential piece of American infrastructure—the Hudson River Tunnel.

2. The project, being developed jointly by the Federal Railroad Administration (FRA) (an agency within DOT) and the New Jersey Transit Corporation (NJ Transit), will add a critically needed rail tunnel under the Hudson River, connecting New York and New Jersey. But the project has been repeatedly delayed. NRDC seeks to identify whether the Trump Administration has further delayed the project by refusing to release an Environmental Impact Statement (EIS) that, on the government's own account, should have been completed in March 2018.

3. On September 27, 2018, NRDC submitted a FOIA request to DOT regarding records "that deal with the status and progress of the Hudson River Tunnel Gateway projects between October 1, 2017 and March 31, 2018." DOT acknowledged receipt of the request that day. The agency was statutorily obligated to respond to NRDC by October 26, 2018. To date, DOT has failed to respond.

4. NRDC seeks a declaration that DOT has violated FOIA by failing to provide final determinations as to whether it will comply with NRDC's request and

by failing to produce responsive records by the statutory deadline. NRDC also seeks an injunction ordering DOT to provide all non-exempt, responsive records without further delay.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is proper in the U.S. District Court for the Southern District of New York because NRDC resides and has its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e)(1).

## PARTIES

7.      NRDC is a national and international, nonprofit environmental and public health membership organization with hundreds of thousands of members in the United States. NRDC engages in research, advocacy, public education, and litigation to advance public health and the environment.

8.      DOT is a federal agency within the meaning of FOIA. 5 U.S.C. § 551(1). DOT has possession and/or control of the records sought by NRDC's FOIA Request.

## STATUTORY AND REGULATORY FRAMEWORK

9.      FOIA requires federal agencies to release, upon request, information to the public, unless one or more of nine statutory exemptions applies. 5 U.S.C. § 552.

10.     Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. 5 U.S.C.

§ 552(a)(6)(A)(i). The agency must "immediately notify" the requester "of such determination and the reasons therefor." *Id*. If the agency determines that it will comply with a FOIA request, it must "promptly" produce responsive records to the requester. *Id*. § 552(a)(6)(C)(i).

11.  DOT's regulations implementing FOIA provide that the agency will either "grant the request in full or in part" or "den[y] the request in full or in part." 49 C.F.R. § 7.31(a)(3). In either case, DOT will notify the requester "in writing" and "include[] in the notice the reason for the determination." *Id*. If DOT denies a FOIA request, it must "include[] in the notice the reason for the determination, the right of the requester to appeal the determination, the name and title of each individual responsible for the initial determination to deny the request, and the requester's right to seek dispute resolution services from the FOIA Public Liaison or the Office of Government Information Services." *Id*.

12.  DOT's regulations provide that DOT may, "[i]n unusual circumstances," 49 C.F.R. § 7.34(a), extend the 20-day deadline "by up to ten Federal working days, or longer," *id*. § 7.31. To extend its deadline, DOT must provide "written notice to the person making the request . . . , setting forth the reasons for the extension and the date on which a determination is expected to be issued." *Id*. § 7.34(a). "Such notice may not specify a date that would result in a cumulative extension of more than ten Federal working days without providing the requester an opportunity to modify the request." *Id*.

13.     If an agency does not make a final determination about whether it will comply with a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately seek judicial relief. 5 U.S.C. § 552(a)(4)(B), (6)(C)(i).

## FACTS

14.     A single tunnel, built in the early 20th century, carries all Amtrak and NJ Transit train traffic, including Amtrak's Northeast Corridor service, between Manhattan and New Jersey. Every weekday, approximately 192,000 NJ Transit passengers and 20,500 Amtrak passengers pass through the tunnel. But that tunnel, the North River Tunnel, was damaged in Superstorm Sandy in 2012 and requires significant maintenance. That maintenance cannot take place, however, without a replacement tunnel to carry the substantial train traffic currently reliant on the tunnel.

15.     The Hudson River Tunnel Project is a joint initiative of the FRA and NJ Transit to develop a new tunnel under the Hudson River. The tunnel is part of a larger project, known as the Gateway Program, that is intended to improve critical rail infrastructure between Newark and New York City.

16.     News reports reflect, however, that the Trump Administration has sought to use funding for the tunnel as a bargaining chip, in particular as a means to obtain Senator Charles Schumer's support for a border wall. *See* Michael Grunwald, *The Tunnel that Could Break New York*, POLITICO (July/Aug. 2018), https://www.politico.com/magazine/story/ 2018/07/06/gateway-tunnel-new-york-city-

infrastructure-218839 (reporting that President Trump told Sen. Schumer that "Schumer could have his tunnel if Trump got his border wall with Mexico"). The Administration has not confirmed or denied these accounts.

17. Pursuant to NEPA, the FRA and NJ Transit released a draft EIS on June 30, 2017. The agencies then accepted public comments on the draft EIS from July 7, 2017, to August 21, 2017, including at public hearings in New York and New Jersey.

18. DOT anticipated releasing a final EIS by March 30, 2018. To date, the agency has not done so. The Agency has not provided any further updates on the final EIS.

19. On September 27, 2018, NRDC requested from DOT all records "that deal with the status and progress of the Hudson River Tunnel Gateway projects between October 1, 2017 and March 31, 2018." The letter is appended to this complaint as Attachment A.

20. In its request, NRDC sought "information dealing with the status and progress of the environmental and permit reviews, the reason the EIS was not completed on time, and the rationales why the processes were stopped or delayed, found inadequate, or returned to staff for additional actions."

21. NRDC's request identified several named appointees within DOT whose records were particularly likely to be relevant. The request also sought records identifiable by search terms including shorthand names for the project.

5

22. Upon information and belief, one such believed codename, "mushroom," may have been adopted specifically to stymie FOIA requests.

23. NRDC's request asked DOT to waive any fees for the search and production of the requested records on the grounds that disclosure of the requested records is in the public interest, 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 49 C.F.R. § 7.43(c), and that NRDC qualifies as "a representative of the news media," 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 49 C.F.R. § 7.42(g)(3).

24. On September 27, 2018, DOT issued an initial acknowledgment of NRDC's request. DOT's initial acknowledgement letter is appended to this complaint as Attachment B.

25. The agency has not otherwise responded.

## CLAIM FOR RELIEF

26. NRDC incorporates by reference all preceding paragraphs.

27. DOT has violated, and is in continuing violation of, its statutory duty under FOIA to release all non-exempt, responsive records to NRDC. *See* 5 U.S.C. § 552(a). NRDC has a statutory right under FOIA to immediately obtain all requested records that are not exempt from disclosure under FOIA. The statutory deadline for DOT to respond to NRDC's FOIA request and to provide such documents has passed.

28. The burden of justifying a decision to withhold or partially withhold documents requested under FOIA rests on the agency. *See id.* § 552(a)(4)(B). DOT has identified no basis, let alone any valid basis, for withholding or partially

withholding the records that are responsive to NRDC's FOIA Request. Therefore, DOT may not withhold or partially withhold any responsive records.

## REQUEST FOR RELIEF

NRDC respectfully requests that this Court enter judgment against DOT as follows:

    A.    Declare that DOT has violated FOIA by failing to provide a final determination as to whether it will comply with NRDC's FOIA Request and by failing to produce non-exempt records responsive to NRDC's FOIA Request by the statutory deadline;

    B.    Order DOT to disclose to NRDC all responsive records without further delay;

    C.    To the extent DOT contends that any responsive records are exempt or partially exempt from disclosure under FOIA, order DOT to produce a log identifying any such records or parts thereof and the basis for DOT's withholdings, and require DOT to prove that the agency's decision to withhold or redact any such records is justified by law;

    D.    Award NRDC its reasonable costs and attorneys' fees; and

    E.    Grant such other and further relief as the Court deems just and proper.

DATED: January 28, 2019  Respectfully submitted,

/s/ Nancy S. Marks
Nancy S. Marks (NM 3348)
Natural Resources Defense Council
40 West 20th Street, Fl. 11
New York, NY 10011
Tel.: (212) 727-4414
nmarks@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council, Inc.*
