GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822
Fax: (212) 637-2702
talia.kraemer@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, <br><br> Defendant. | No. 19 Civ. 820 (JMF) |

Defendant the U.S. Department of Transportation, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answers the complaint filed on January 28, 2019, by Plaintiff Natural Resources Defense Council, Inc., upon information and belief as follows:

### INTRODUCTION

1. Paragraph 1 of the complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, denies the allegations in paragraph 1.

2. The first two sentences of paragraph 2 of the complaint contain Plaintiff's

characterization of alleged background information and argument, to which no response is required. To the extent a response is required, denies the allegations in the first two sentences of paragraph 2, except admits that the Hudson River Tunnel project (also called the Hudson Tunnel Project) would add a rail tunnel under the Hudson River connecting New York and New Jersey. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 2.

3. As to the first sentence of paragraph 3, admits that NRDC submitted a FOIA request to Defendant on September 27, 2018, and respectfully refers the Court to that document for a true and correct statement of its contents. Admits the allegations in the second sentence of paragraph 3. The third sentence of paragraph 3 consists of a legal conclusion, to which no response is required. Denies the allegations in the fourth sentence of paragraph 3, except admits that Defendant has not yet produced records in response to Plaintiff's FOIA request dated September 27, 2018.

4. Paragraph 4 contains legal argument and describes Plaintiff's request for relief, to which no response is required. To the extent a response is required, denies the allegations in paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 of the complaint consists of legal conclusions, to which no response is required.

6. Paragraph 6 of the complaint consists of legal conclusions, to which no response is required, except denies knowledge or information sufficient to form a belief as to the location of Plaintiff's residence and principal place of business.

## PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Paragraph 8 of the complaint consists of legal conclusions, to which no response is required, except admits that Defendant is a federal agency, and admits that Plaintiff submitted a FOIA request to Defendant stating that it seeks "responsive records in the custody of the Headquarters offices and Region 2," but denies knowledge or information sufficient to form a belief as to the scope of the "records sought by NRDC's FOIA Request" and whether such records are in Defendant's possession and/or control.

## STATUTORY AND REGULATORY FRAMEWORK

9. Paragraph 9 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in paragraph 9, and respectfully refers the Court to the cited provision of law for a true and complete statement of its contents.

10. Paragraph 10 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in paragraph 10, and respectfully refers the Court to the cited provisions of law for a true and complete statement of their contents.

11. Paragraph 11 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in paragraph 11, and respectfully refers the Court to the cited provisions of law for a true and complete statement of their contents.

12. Paragraph 12 of the complaint consists of legal conclusions, to which no

response is required. To the extent a response is required, denies the allegations in paragraph 12, and respectfully refers the Court to the cited provisions of law for a true and complete statement of their contents.

13. Paragraph 13 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in paragraph 13, and respectfully refers the Court to the cited provision of law for a true and complete statement of its contents.

**FACTS**

14. Admits the allegations in the first sentence of paragraph 14 of the complaint. Denies the allegations in the second sentence of paragraph 14, except admits that the draft environmental impact statement dated June 2017 regarding the Hudson River Tunnel project reported that "[i]n 2016, Amtrak carried approximately 20,500 weekday passenger trips (one-way ride) each day" and "NJ TRANSIT carried approximately 192,000 weekday trips each day." *See* Hudson Tunnel Project Draft Environmental Impact Statement and Draft Section 4(f) Evaluation at 1-3 (June 2017). Admits the allegations in the third sentence of paragraph 14, except avers that Plaintiff's characterization of the required maintenance work as "significant" constitutes argument, to which no response is required. Denies the allegations in the last sentence of paragraph 14.

15. Denies the allegations in the first sentence of paragraph 15 of the complaint, except admits that the Federal Railroad Administration is a joint lead agency with respect to environmental work for the Hudson River Tunnel project. Admits the allegations in the second sentence of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 16 of the complaint, and respectfully refers the Court to the cited news article for a true and correct statement of its contents.

17. Denies the allegations in the first sentence of paragraph 17, except admits that the FRA and NJ Transit released a draft environmental impact statement dated June 2017, and avers that the draft environmental impact statement was released on July 6, 2017. Admits the allegations in the second sentence of paragraph 17 of the complaint.

18. Admits the allegations in paragraph 18 of the complaint.

19. Admits that Plaintiff submitted a FOIA request to Defendant on September 27, 2018, and respectfully refers the Court to that document for a true and correct statement of its contents.

20. Admits that Plaintiff submitted a FOIA request to Defendant on September 27, 2018, and respectfully refers the Court to that document for a true and correct statement of its contents.

21. Admits that Plaintiff submitted a FOIA request to Defendant on September 27, 2018, and respectfully refers the Court to that document for a true and correct statement of its contents.

22. Denies the allegations in paragraph 22 of the complaint, except admits that Plaintiff's FOIA request submitted September 27, 2018, requested that Defendant search for records using "the term 'mushroom,' a possible term used to describe the project."

23. Admits that Plaintiff's FOIA request dated September 27, 2018, requested a waiver or reduction of fees, and respectfully refers the Court to that document for a true and complete statement of its contents.

24. Admits the allegations in paragraph 24 of the complaint.

25. Admits the allegations in paragraph 25 of the complaint.

## CLAIM FOR RELIEF

26. Defendant repeats and restates its responses to paragraphs 1 through 25 of the complaint with the same force and effect as if set forth fully herein.

27. Paragraph 27 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in paragraph 27.

28. Paragraph 28 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in paragraph 28.

## REQUEST FOR RELIEF

The five lettered paragraphs in the section of the complaint titled "Request for Relief" constitute a prayer for relief, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to the requested relief or any relief.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

At all times alleged in the complaint, Defendant acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate

additional time for Defendant to process Plaintiff's FOIA request.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

## FIFTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

Defendant may have additional defenses that are not known to Defendant at this time, but that may be ascertained during litigation. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendant, having fully answered the allegations in the complaint and stated its defenses, respectfully requests that this Court dismiss the complaint with prejudice, enter judgment in favor of Defendant, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: March 6, 2019
      New York, New York

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By: /s/ Talia Kraemer
TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822
Fax: (212) 637-2702
talia.kraemer@usdoj.gov